UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLCO RENEWABLE ENERGY LIMITED, et al., | * * * |
| Plaintiffs, | * * |
| v. | * * |
| DEB HAALAND, in her official capacity of Secretary of the Interior, et al., | * * * | Civil Action No. 1:21-cv-11171-IT
| Defendants, | * * |
| and | * * |
| VINEYARD WIND 1 LLC, | * * |
| Intervenor-Defendant. | * |

MEMORANDUM & ORDER

June 13, 2022

Plaintiffs Allco Renewable Energy Limited and Allco Finance Limited, and their Chief Counsel Thomas Melone (together "Allco") brought this action against Secretary of the Interior Debra Haaland and other federal employees and entities. Pending before the court are, inter alia,[1] Defendants' Motion to Sever [Doc. No. 67] claims related to the South Fork Wind Project and Intervenor Vineyard Wind 1 LLC's ("Vineyard Wind") Motion to Join [Doc. No. 72] the severance motion. For the reasons stated herein, Federal Defendants' Motion to Sever [Doc. No. 67] and Vineyard Wind's Motion to Join [Doc. No. 72] are GRANTED.

---

[1] Also pending before the court are Defendants' Motion to Dismiss [Doc. No. 64], Vineyard Wind's Motion for Judgment on the Pleadings [Doc. No. 70], South Fork Wind, LLC's ("South Fork Wind") Motion to Intervene [Doc. No. 78], and Plaintiffs' Motion to Amend the Scheduling Order [Doc. No. 107]. The court will address these motions separately.

I.    **Background**[2]

Allco commenced this action against the Federal Defendants on July 18, 2021. Allco owns, operates, and develops "various solar electric generating facilities" in New England. Am. Compl. ¶ 15 [Doc. No. 58]. The initial complaint challenged regulatory permits and approvals for Vineyard Wind's offshore wind turbine project (the "Vineyard Wind Project"). Allco alleged that the Federal Defendants insufficiently considered the environmental impact of the proposed Vineyard Wind Project before authorizing it, in violation of federal environmental protection laws. Vineyard Wind—holder of the permits and approvals at issue—promptly moved to intervene in this action either by right or permission. Mot. to Intervene [Doc. No. 6]. The court allowed permissive intervention, finding that Vineyard Wind had significant interests at stake in the litigation and that the outcome may impair its ability to protect those interests. Mem. & Order 13 [Doc. No. 43]. The court also preserved Vineyard Wind's ability to "seek renewed consideration of intervention by right" should new considerations arise as to the adequacy of the government's representation of Vineyard Wind's interests. Id. at 12-13.

On January 31, 2022, the court issued a Scheduling Order [Doc. No. 47] requiring production of the administrative record for the Vineyard Wind Project no later than April 12, 2022, and setting a briefing schedule for dispositive motions. The schedule paralleled that set in the related action, Nantucket Residents Against Turbines, et al. v. BOEM et al., 21-cv-11390 ("ACK Matter"), also before this court.

On February 23, 2022, Allco amended its complaint, adding allegations that the Federal Defendants' approval and permits issued to South Fork Wind for a separate offshore wind energy

---

[2] The court adopts the defined terms and background facts as stated in its Memorandum and Order [Doc. No. 43] allowing Vineyard Wind's Motion to Intervene [Doc. No. 6].

project ("the South Fork Wind Project") had also inadequately accounted for the environmental impact of the project and should be vacated alongside Vineyard Wind's approvals. Am. Compl. [Doc. No. 58].

The Federal Defendants moved to sever the South Fork Wind related claims, Mot. to Sever [Doc. No. 67], and Vineyard Wind moved to join that motion, Mot. to Join [Doc. No. 72].

### II.  Motion to Sever South Fork Wind Related Claims

Defendants ask the court to sever the South Fork Wind related claims pursuant to Fed. R. Civ. P. 21. Generally, "[a] party asserting a claim . . . may join [in their pleading] . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The court may, however, "sever any claim against a party" where justice or convenience would be served. Fed. R. Civ. P. 21; see Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003).

Defendants argue Plaintiffs' claims challenging the South Fork Wind Project should be severed from this action and adjudicated separately because they challenge distinct agency action concerning a separate project and different permits and approvals supported by an independent decision-making processes and administrative record. Plaintiffs respond that the South Fork Wind and Vineyard Wind related claims should proceed together because their regulatory approvals were granted subject to the same administrative and statutory standards, which require the government agencies to consider the cumulative impact of planned projects on the environment and implicate common questions of law.

The decision to sever claims into independent actions falls within the district court's broad discretion over case management decisions. Acevedo-Garcia, 351 F.3d at 558. Among the factors courts consider are (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of

3

the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. Alston v. Town of Brookline, Massachusetts, No. CV 15-13987-GAO, 2016 WL 5745091, at *12 (D. Mass. Sept. 30, 2016) (quoting Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., No. CIV. A. 12-11498-RWZ, 2013 WL 1755200, at *4 (D. Mass. Apr. 24, 2013)).

The South Fork Wind Project, like the Vineyard Wind Project, is a commercial-scale offshore wind turbine energy facility within federal waters off the southern coast of Massachusetts on the outer continental shelf. See Mem. iso Mot. to Intervene [Doc. No. 80]; Mem. & Order [Doc. No. 43]. The projects are different in size and scope. The smaller South Fork Wind Project was approved for twelve turbines, compared with the eighty-four approved for the Vineyard Wind Project. Moreover, energy generated by the South Fork Wind Project will power homes in New York whereas the energy generated at the Vineyard Wind facility will power homes in Massachusetts. Mem. iso Mot. to Sever 3 [Doc. No. 68]; Ex. 1, Vineyard Wind Joint Record Decision, at 1, 10, 23 [Doc. No. 68-1]; Ex. 2, South Fork Wind Record of Decision, at 4, 7 [Doc. No. 68-2].

South Fork Wind's pursuit of regulatory approval proceeded wholly independent of Vineyard Wind's efforts to obtain the same. Mem. iso Mot. to Sever 1–4 [Doc. No. 68]; see Am. Compl. [Doc. No. 58]. And South Fork Wind's plans were subject to a full and independent regulatory review by the Defendant agencies. Id. at ¶ 5. This review included, inter alia, an Environmental Impact Statement ("SFEIS") by the Bureau of Ocean Energy Management ("BOEM") for the South Fork Wind Project, which "each of the [South Fork] approvals were based upon." Id. at ¶ 5. BOEM also issued the final joint Record of Decision for the South Fork

Wind Project—which "addressed [BOEM's] action to approve the [South Fork] Project's construction and operations plan"—on November 24, 2021, about six months after the Vineyard Wind Project's final joint Record of Decision was issued in May 2021. Id. at ¶¶ 2, 5.

Plaintiffs' claims relating to South Fork Wind challenge a wholly distinct set of federal approvals from those issued to Vineyard Wind and challenged in the initial complaint. While both projects underwent the same agency review process and were subject to the same regulatory standards, these common frameworks do not justify joinder where the claims hinge on highly fact specific questions as to the adequacy of two separate agency review processes, supported by two distinct administrative records. The agency actions at issue here are the Federal Defendants' decisions to approve the Vineyard Wind and South Fork Wind Projects. But the Vineyard Wind and South Fork Project approvals were each based on its own Record of Decision and predicated on different Environmental Impact Statements prepared independent of one another and specifically for each project. Moreover, the projects themselves were of markedly different size and scope, to be constructed in different locations, designed to provide electricity to homeowners in different states, and pursued by different companies. The lack of overlap both as to the regulatory review and administrative record and as to the potential environmental impact, given the size disparity, weigh in favor of severance.

Further, because the South Fork Project review occurred after the Vineyard Wind review, the administrative record supporting the approval of the South Fork Project was not before the Federal Defendants when they approved the Vineyard Wind Project. See Am. Compl. [Doc. No. 58] at ¶¶ 2, 5. This precludes considering the South Fork Project's administrative record to assess whether federal approval of the Vineyard Wind Project complied with applicable law. Town of Norfolk v. U.S. Army Corps of Eng'rs, 137 F.R.D. 183, 185 (D. Mass. 1991.) (An administrative

5

record encompasses "that which was before the agency at the time the decision being reviewed was made, and it 'consists of all documents and materials directly or indirectly considered by agency decision-makers.'"), aff'd, 968 F.2d 1438 (1st Cir. 1992).

Accordingly, because litigating the South Fork Wind related claims demands its own set of environmental and related analyses based on separate and distinct administrative records, and because the Federal Defendants timely brought this motion before severance may prejudice either party, the court finds it in the interest of both justice and economy to sever the South Fork Wind related claims into a separate action. This conclusion is further supported by the fact that the court already set a schedule for production of the administrative record and briefing, and the Federal Defendants have already produced the agency record as to the Vineyard Wind Project. Proceeding as a single action would delay litigating the Vineyard Wind related claims until after the production and review of the lengthy South Fork Wind Project's administrative record. This would materially delay resolution of this matter. And the court having found both the Federal Defendants and Vineyard Wind have strong interests in resolving the matter expeditiously, see Mem. & Order [Doc. No. 43], proceeding as a single action would prejudice both the Federal Defendants and Vineyard Wind.

The severed South Fork Wind action will be treated as a related matter. The court may consolidate the matters as to certain issues or coordinate case schedules to help facilitate an efficient resolution in both cases.

### III.   CONCLUSION

For the foregoing reasons, the Federal Defendants' Motion to Sever [Doc. No. 67] and Vineyard Wind's Motion to Join [Doc. No. 72] are GRANTED. The South Fork Wind related

claims are now severed and shall proceed in a new independent action before this court. The clerk is directed to open a new matter, assigned to this session as a related case.

The clerk shall include the following documents and docket entries on the docket of both the original and severed actions: Civil Cover Sheet [Doc. No. 1-2]; Category Sheet [Doc. No. 1-3]; Corporate Disclosure Statement [Doc. No. 2]; Notice of Appearance [Doc. No. 28]; Notice of Appearance [Doc. No. 41]; Amended Complaint [Doc. No. 58]; Motion to Dismiss [Doc. No. 64]; Memorandum in Support of Motion to Dismiss [Doc. No. 65]; Order [Doc. No. 84]; Opposition to Motion to Dismiss [Doc. No. 86] and attached documents [Doc. Nos. 86-1 – 86-6]; Stipulated Limited Protective Order [Doc. No. 96]; Reply to Motion to Dismiss [Doc. No. 103] and this Memorandum & Order.

The clerk shall remove the following documents and docket entries from the docket of the original action and relocate to the docket of the severed action the following documents and docket entries: Notice of Appearance [Doc. No. 73]; Notice of Appearance [Doc. No. 74]; Motion for Leave to Appear Pro Hac Vice [Doc. No. 75]; Affidavit in Support of Motion for Leave to Appear [Doc. No. 76]; Corporate Disclosure Statement [Doc. No. 77]; Motion to Intervene [Doc. No. 78]; Affidavit in Support of Motion to Intervene [Doc. No. 79]; Memorandum in Support of Motion to Intervene [Doc. No. 80]; Order Granting Motion for Leave to Appear Pro Hac Vice [Doc. No. 81]; Notice of Appearance [Doc. No. 83]; and Opposition to Motion to Intervene [Doc. No. 87].

IT IS SO ORDERED.

June 13, 2022

/s/ Indira Talwani
United States District Judge