UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALLCO RENEWABLE ENERGY LIMITED, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| DEB HAALAND, in her official capacity of Secretary of the Interior, et al., | * * * * | Civil Action No. 1:22-cv-10921-IT |
| Defendants. | * | |

MEMORANDUM & ORDER

June 13, 2022

Pending before the court is South Fork Wind, LLC's ("South Fork Wind") Motion to Intervene [Doc. No. 78] For the reasons stated herein, the Motion to Intervene [Doc. No. 78] is GRANTED.

**I.     Background**

Plaintiffs Allco Renewable Energy Limited and Allco Finance Limited, and their Chief Counsel Thomas Melone (together "Allco") initially challenged regulatory permits and approvals for the Vineyard Wind Project. Compl., Civil Action No. 21-cv-11171 [#1]. Allco alleged that the Defendants insufficiently considered the environmental impact of the proposed Vineyard Wind Project before authorizing it, in violation of federal environmental laws. Vineyard Wind, LLC ("Vineyard Wind")—the holder of the permits and approvals at issue—promptly moved to intervene, and the court allowed permissive intervention, finding that Vineyard Wind had

significant interests at stake in the litigation and that the outcome may impair its ability to protect those interests. Mem. & Order 13, Civil Action No. 21-cv-11171 [#43].

On February 23, 2022, Allco amended its complaint to also allege that the Defendants' approval and permits for the South Fork Wind Project inadequately accounted for the environmental impact of that project and should be vacated. Am. Compl. [Doc. No. 58]. The court granted Defendants' Motion to Sever [Doc. No. 67] the claims related to the South Fork Wind Project.

## II. South Fork Wind's Motion to Intervene

South Fork Wind's Motion to Intervene [Doc. No. 78] seeks permissive intervention.[1] Under Rule 24(b), on timely motion, a court may allow permissive intervention so long as the movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When evaluating a request for permissive intervention, "the district court can consider almost any factor rationally-relevant" when exercising its "very broad discretion in granting or denying the motion," Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 113 (1st Cir. 1999), but "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights, Fed. R. Civ. P. 24(b)(3).

South Fork Wind argues that its intervention is warranted because it shares a common question of law and fact with the main action and retains a strong interest in defending the validity of the approvals and permits and in upholding the integrity of the underlying environmental review. South Fork Wind argues further that it seeks to defend largely the same

---

[1] South Fork Wind seeks permissive intervention at this stage, but reserves the right to seek intervention by right in the future. Mot. to Intervene [Doc. No. 78].

interests, but for its own project, as those the court found justified Vineyard Wind's intervention in the related action.

Allco opposes intervention. First, Allco argues no common question of law or fact exists where it has not brought claims against South Fork Wind. But the court's previous rejection of this argument when raised against Vineyard Wind's intervention equally applies here: where South Fork is seeking to defend the actions that Allco challenges in its Amended Complaint [Doc. No. 58], the proposed intervention undoubtably presents common questions of law and fact. See Mem. & Order 13 n.4, Civil Action No. 21-cv-11171 [#43].[2]

South Fork Wind—as the entity relying on and benefiting from the federal approvals at issue—is similarly situated to Vineyard Wind. Both entities have significantly protectable interests in their final federal approvals and permits that, in both cases, Allco seeks to vacate. Like Vineyard Wind, South Fork Wind has substantial and direct financial and reliance interests in preserving the federal approvals and permits at issue here. Without the permits, South Fork Wind cannot proceed with its project. Yet it has leased the project site and spent millions of dollars pursuing and successfully obtaining the requisite permits and approvals from federal and state authorities. See Mastria Decl. ¶¶ 11, 27–30 [Doc. No. 79]. Moreover, like Vineyard Wind, South Fork Wind has agreed to work with the existing parties to avoid unnecessary delay as a result of intervention. It also has an incentive to resolve the matter promptly. Therefore, the court

---

[2] Allco also argues that intervention is not proper because South Fork Wind lacks standing. As the court held in its earlier decision concerning Vineyard Wind's intervention, absent an "unusual case[] where an intervenor could satisfy the interest requirement of Rule 24(a)(2) without having the stake in the controversy needed to satisfy Article III . . . whether an intervenor-defendant must show some separate form of standing" is a needless inquiry at the intervention stage. Cotter v. Massachusetts Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 34 (1st Cir. 2000). Because this is not the situation here, the court declines to address the question of standing at this juncture.

concludes that permitting South Fork Wind's intervention under Rule 24(b) would not create undue delay or prejudice the original parties in this case, particularly given the court's decision to sever the South Fork Wind related claims. Accordingly, where South Fork Wind's motion was timely, and the court's rationale for finding permissive intervention appropriate for Vineyard Wind applies equally to South Fork Wind's intervention. South Fork Wind may now join as an intervenor defendant in the severed action.

### III.  CONCLUSION

For the foregoing reasons, South Fork Wind's <u>Motion to Intervene</u> [Doc. No.78] is GRANTED. South Fork Wind may join the severed action pursuant to Fed. R. Civ. P. 24(b) and shall jointly file its Answer to the Amended Complaint [Doc. No. 58].

IT IS SO ORDERED.

June 13, 2022

/s/ Indira Talwani<br>
United States District Judge